DEN, ON THE DEMISE OF EVANS AND WIFE, v. GIFFORD.

A, by an instrument under seal, conveys property to B, in these words, "this is to certify that I have given a free and clear title by these presents, for one-half of the tract of land in the deed within mentioned, to B and his wife, after my death, for their sole property and right, &c., and the said B is bound by this agreement to support me in all cases, and maintain me, when I shall be unable to maintain myself, so that I do not suffer; the said B is to have the eastern half of said land." Adjudged that this conveys a good title against A and his heirs, during the life of the grantees.

In this case there was a demurrer to the evidence offered by the plaintiff to prove his title at the Monmouth Circuit, in July, 1792.

The case was this :

April 1st, 1771.   Daniel Littleton Ketcham, in considera-tion of £100, conveys the premises in question to Micajah Ketcham.

July 10th, 1778.   Micajah Ketcham and wife, in consid-eration of £80, convey the same lands to Abraham Gifford, in fee.

July 23d, 1784.   Abraham Gifford executes an instrument in writing, under his seal, to Abel Evans and wife, the les-sors of the plaintiff, in the following words :

" This is to certify, to all persons to whom these presents come, greeting ; witnesseth, that I, Abraham Gifford, of the township of Shrewsbury, and county of Monmouth, and eastern division of the state of New Jersey, yeoman, hath given a free and clear title by these presents, for one-half of the tract of land, in the deed within mentioned, to Abel Evans and his wife, Elizabeth Evans, after my death, for their sole property and right, with all the property thereto belong-ing ; and the said Abel Evans is bound by this agreement for to support me in all cases, and maintain me when I have occasion, or am unable to support myself, so that I do not suffer in any case; and the said Abel Evans is to have the east-ern half of the said land.   In witness whereof I [198] have hereunto set my hand and seal this twenty-third day of July, in the year of our Lord 1784."   This was duly executed in the presence of witnesses, and regularly proved before Judge Denise.

The possession of the property was proved to have gone according to the title until the death of Abraham Gifford, since which time the defendant, his heir-at-law, had been in possession.

The question before the court was, whether the foregoing instrument was sufficient to support this ejectment, which was brought for a moiety of the lands.   It was submitted with-out argument.

PER CUR.   No objection has been made to this instru-

ment, no argument had to show its invalidity, and we cannot perceive that any exists. It is doubtless informal. (a) It begins " This is to certify," words which are equivalent to those with which deeds poll are usually commenced, " To all those to whom these presents shall come." It proceeds to say "hath given " a good title to the lessors of the plaintiff, for their sole property. A deed in the preterperfect tense is good ; the word *dedi* operates as any kind of conveyance. *Shep. Touch.* 87.

Against a man's covenant and agreement no title can be supported, and as the defendant is under Abraham, she cannot be in a better situation.

In *Roe, ex dem. Wilkinson,* v. *Tranmer,* 2 *Wils.* 75, a release was adjudged by the whole court, to operate as a covenant to stand seized ; and it was said that courts should go a great way to effectuate the intentions of the party. We therefore think the plaintiffs are entitled to recover. The grantees being alive, it is not material to give an opinion as to the nature of the estate to which they are entitled.

(a) The estate was to commence *in futuro.* See *Wallis* v. *Wallis,* 4 *Mass. Rep.* 135; *Den, ex dem. Ward,* v. *Ward,* *N. Carolina Cases* 28.